UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Jennifer Sadler,

        Plaintiff,

vs.                                                                                    Case No.  3:12-cv-734-J-34MCR

SMA Behavioral Health Services, Inc., et al,

        Defendant.
_____/

### REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on parties' Joint Motion for Approval of Settlement (Doc. 11) filed December 12, 2012, and supplement thereto (Doc. 17).[2] This case was brought under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et. seq.* The parties have reached a settlement agreement and seek court approval of that agreement. In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. § 636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] The Court found the parties' Motion for Approval of Settlement and proposed Settlement Agreement filed on December 12, 2012 contained inappropriate provisions. (Doc. 11-A). Therefore, the Court entered an Order directing the parties to file a revised Settlement Agreement. (Doc. 13). The parties filed a revised Settlement Agreement on January 18, 2013. (Doc. 17-A).

the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."

In the Joint Motion for Approval submitted by the parties (Docs. 11, 17), a settlement has been reached in a bona fide good faith dispute and is deemed fair and reasonable. The parties have agreed to a total settlement in the amount of $8,333.33. Plaintiff is to receive $5,000.00 for unpaid wages and Plaintiff's counsel will receive $3,333.33 as attorneys fees and costs.[3] The Court, having reviewed the settlement agreement for fairness, concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, after due consideration, it is respectfully

**RECOMMENDED:**

The parties' Joint Motion for Approval of Settlement (Doc. 11) should be **GRANTED** and the Settlement Agreement (Doc. 17-A) be **APPROVED** by the District Court. It is further respectfully recommended the case should be **DISMISSED** with prejudice pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

---

[3] The Court is not adopting the attorneys' individual billing rates as reasonable; rather, the Court finds the Settlement Agreement is reasonable on its face. See Bonetti v. Ermbarq Management Co., 2009 U.S. Dist. LEXIS 68075 (M.D. Fla. Aug. 4, 2009) (holding that because "a plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.").

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  18th   day of January, 2013.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Hon. Marcia Morales Howard
United States District Judge

Counsel of Record